## COMMODITY CREDIT CORPORATION v. BELL et al.
### No. 9224.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1939.

Chas. C. Crenshaw, Sp. Atty. for Commodity Credit Corporation, of Lubbock, Tex., for appellant.

Ellis Douthit and E. L. Harwell, both of Abilene, Tex., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

In its decree approving the final report of the receiver, and discharging him, the district court allowed the receiver $5,000 for his services as such, and $2,000 for the services of his attorneys. The appellant, a Delaware corporation, appealed from that part of the decree making the allowance, claiming the fees to be excessive.

■ ■ The only question in the case relates to the reasonableness of the amounts awarded. It is well settled that such allowances are largely within the discretion of the district court, which has a fuller and more intimate knowledge of the nature and extent of the services rendered than an appellate court can possibly obtain. On the other hand, there is no more difficult and perplexing problem presented to the courts of original jurisdiction than the fixation of such amounts; and, while all reasonable presumptions should be indulged in favor of their correctness, when the entire facts are in the record and undisputed, this court should not shirk the responsibility of reviewing and revising the awards in · such cases.

■ This receivership involved 32,726 bales of cotton, stored in warehouses in Texas, upon which appellant had made loans to producers in varying amounts aggregating $1,135,000. If we look solely to the figures, and consider what would ordinarily be required, the fees in controversy are not unreasonable, but, as stated by the court below, the litigants lifted all of the labor and responsibility out of the hands of the receiver very soon after he was appointed, and left him with nothing to do except to make his report and claim his compensation.

We do not undervalue the excellent manner in which the receiver handled this matter, nor the good advice given him by his attorneys upon the few occasions when advice was needed, but the simple fact is that the case was settled before either the receiver or his attorneys had earned anything like the amounts which they naturally expected to earn when the work was undertaken. It indisputably appears that fifteen days would cover all of the time that the receiver devoted to his duties. The time of his attorneys was materially less. We think the compensation of the receiver should be reduced to $2,500 and that of his attorneys to $1,000.

That part of the decree appealed from is reversed, the decree is amended so as to reduce the amounts as above stated, and the cause is remanded for further proceedings not inconsistent with this opinion.