**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**March 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))
No. 03-40738
Summary Calendar
)))))))))))))))))))))))))

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

CERTIFIED MERCHANT SERVICES, LTD; ET AL.,

Defendants,

CERTIFIED MERCHANT SERVICES, LTD; CERTIFIED MERCHANT GP, INC.;
CERTIFIED MERCHANT SERVICES, INC.; JONATHAN FRANKEL; CRAIG
FRANKEL; CMS-LP, LLC,

Defendants-Appellants,

vs.

GARRETT VOGEL,

Appellee,

FRED GUMBEL,

Movant-Appellee.

)))))))))))))))))))))))))
Consolidated with
No. 04-40596
)))))))))))))))))))))))))

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

CERTIFIED MERCHANT SERVICES, LTD; ET AL.,

Defendants,

CERTIFIED MERCHANT SERVICES, LTD; CERTIFIED MERCHANT GP, INC.;

CERTIFIED MERCHANT SERVICES, INC.; JONATHAN FRANKEL; CRAIG FRANKEL; CMS-LP, LLC,

Defendants–Appellants–Cross-Appellees,

vs.

GARRETT VOGEL,

Appellee-Cross-Appellant.

---

Appeals from the United States District Court
for the Eastern District of Texas
4:02-CV-44

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

The district court ordered receiver Garrett Vogel to disgorge 20% of his fees for breaching his fiduciary duty to Certified Merchant Services ("CMS") and to the court. Both CMS and Vogel have appealed the district court's order. CMS argues that Vogel's breach requires him to disgorge all of his fees; Vogel argues that the facts do not support a 20% disgorgement. Because the district court did not abuse its discretion, we affirm.

I. Background

CMS is an independent sales organization that acts as an intermediary between credit card companies and merchants that

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

accept credit cards.  The Federal Trade Commission ("FTC") brought suit against CMS pursuant to 15 U.S.C. § 53, seeking the appointment of a receiver "to immediately halt [CMS's] fraudulent business practices" and turn the company around.  The district court appointed Garrett Vogel as receiver of CMS.  Vogel then assembled a receivership team whose members included Fred Gumbel.  Gumbel had 25 years of experience in the credit-card industry and was charged with managing CMS's back office and data-processing operations.

CMS appeals two orders of the district court: the May 7, 2003 "Fee Order" and the May 5, 2004 "Bond Order."[1]  In the Fee Order, the district court approved Vogel and Gumbel's fee requests, but reduced Vogel's request by $20,000, the amount of the premium on Vogel's personal bond which the court found Vogel, not CMS, should have paid.  The court also reduced Vogel's compensation by another $500 for time improperly spent at meetings with Visa and MasterCard, discussed further below.  The court likewise reduced Gumbel's compensation by $875 for time spent at those meetings.

In the Bond Order, the district court took three actions: (1) it ordered that Vogel's compensation be reduced by an additional 20% because he breached his fiduciary duty to CMS and to the court in certain instances, (2) it denied CMS's request

---

[1] The district court entered final judgment in the case on May 5, 2004.

for reimbursement for the renewal premium on Vogel's personal bond, and (3) it ordered CMS to pay certain expenses that CMS alleges were hidden from it and from the court.

On appeal, CMS argues that Vogel and Gumbel's breaches of fiduciary duty entitle it to three types of relief: (1) complete disgorgement of all fees paid to both Vogel and Gumbel, (2) reimbursement for various unspecified expenses that Vogel allegedly concealed from CMS and the court, and (3) reimbursement for the renewal premium on Vogel's personal bond.[2] By cross appeal, Vogel argues that the district court erred in ordering him to disgorge any compensation.

## II. Standard of Review

We review the district court's decision as to a receiver's compensation for a clear abuse of discretion. *Crites, Inc. v. Prudential Ins. Co. of Am.*, 322 U.S. 408, 418 (1944); *Commodity Credit Corp. v. Bell*, 107 F.2d 1001, 1001 (5th Cir. 1939).

## III. Discussion

### Fee Forfeiture

---

[2] In the conclusion paragraph of its opening brief, CMS asks the court to award it both "the original and renewal premiums on Vogel's personal bond." In the May 7, 2003 Fee Order, however, the district court ordered Vogel's compensation to be reduced by $20,000, which was the amount owed for the *original* premium on Vogel's personal bond. Accordingly, we will only consider CMS's claim for the amount allegedly owed to it for *renewal* premium on Vogel's personal bond.

The district court found that Vogel had breached his fiduciary duty in three instances. First, during an Electronic Transaction Association conference in Orlando, Florida, Gumbel made a speech during which he stated that the FTC had authorized him to conduct FTC-approved audits of companies. This was a misrepresentation; Gumbel was not authorized by the FTC to make such audits, and Vogel's failure to correct the situation constituted a breach of his fiduciary duty.

Second, Vogel allowed Gumbel to make a sales pitch to Visa and MasterCard representatives for Gumbel's company, Payment Insights. During this meeting, Gumbel offered to conduct industry audits using confidential information taken from CMS, and Vogel stood to personally profit from these audits. Neither Vogel nor Gumbel asked the court for permission to make such a pitch or use CMS data in such a manner, nor did they allow other CMS representatives to attend the meeting.

Third, the district court found that Vogel had breached his fiduciary duty to the court by causing CMS to pay certain fees and expenses incurred by him without first reporting them to the court. The court found that Vogel took this action in order to conceal these expenses from the court because it had previously warned Vogel that the receivership fees and expenses were too high.

In the Fee Order, the court had found that Vogel should not

5

be compensated for the time spent making the sales pitch to Visa and MasterCard; accordingly, his fees had already been reduced by $500. The court then balanced the following five factors to determine whether and in what amount Vogel should be required to disgorge additional compensation for his breaches of fiduciary duty:

> (1) whether the trustee acted in good faith or not; (2) whether the breach of trust was intentional or negligent or without fault; (3) whether the breach of trust related to the management of the whole trust or related only to a part of the trust property; (4) whether or not the breach of trust occasioned any loss and whether if there has been a loss it has been made good by the trustee; (5) whether the trustee's services were of value to the trust.

RESTATEMENT (SECOND) OF TRUSTS § 243, cmt c (1959). Balancing these factors, the court found that Vogel did not act in good faith and that the breaches were intentional. On the other hand, the court also found that Vogel's actions did not cause any loss to CMS and his services were valuable to the receivership, implementing many necessary changes at CMS. Although the court did not specifically discuss the third Restatement factor——whether Vogel's actions related to his management of the receivership as a whole or only in part——it is clear from the district court's order that it found Vogel to have breached his duty only in the three aforementioned ways. Thus, Vogel's actions did not permeate the entire receivership but only affected it in part. Accordingly, the court ordered Vogel to disgorge an additional

6

20% of his fees, or $41,914.05. In doing so, the court expressly rejected CMS's argument that Vogel should be required to disgorge all fees and compensation.

CMS argues that the district court abused its discretion in failing to order full disgorgement of Vogel and Gumbel's fees. This argument fails for at least two reasons.

First, it is not clear that CMS raised its fee forfeiture argument as to Gumbel before the district court. The district court's order only discusses Vogel's breaches of fiduciary duty and only orders that Vogel's compensation be reduced. The court made no explicit finding as to whether Gumbel breached a fiduciary duty to CMS, if he in fact had one.[3]

Second, CMS principally relies on four cases to make its claim that reversal is warranted: *Burrow v. Arce*, 997 S.W.2d 229 (Tex. 1999); *PSL Realty Co. v. Granite Investment Co.*, 395 N.E.2d 641 (App. Ct. Ill. 1979), *overruled by* 427 N.E.2d 563 (Ill. 1981); *Crites, Inc. v. Prudential Insurance Co. of America*, 322 U.S. 408 (1944); *Woods v. City National Bank & Trust Co. of Chicago*, 312 U.S. 262 (1941). None of these cases, however, stands for the proposition that any breach of fiduciary duty by a

---

[3] Gumbel questions whether he owed a fiduciary duty to CMS because he did not have an exclusive agreement with CMS but was also consulting for other companies at the same time of the CMS receivership. We need not decide this issue, however, because we hold that the district court did not abuse its discretion in failing to order disgorgement of any of Gumbel's fees.

7

receiver results in a per se denial of any compensation. *PSL*, *Woods*, and *Futuronics* are clearly distinguishable.[4]  And *Arce* and *Crites* actually support Vogel and Gumbel's position because they reaffirm that the issue of a receiver's compensation is left to the sound discretion of the trial court.[5]  Thus, although the cases cited by CMS may show that full disgorgement is appropriate in some instances, CMS has not shown that full disgorgement was required here.

Similarly, Vogel argues that the district court abused its discretion in ordering a 20% disgorgement; that is, it should have ordered less or none at all.  The basis of Vogel's contention is his testimony that his breaches were unintentional.  Yet in finding that Vogel's breaches were intentional, the

---

[4] *See PSL*, 395 N.E.2d at 574 (holding that a receiver of rental property that purchased all first-lien mortgages on the property without notice to or approval by the court, accelerated all payments due under the mortgages, and then filed suit to foreclose the mortgages was not entitled to compensation); *Woods*, 312 U.S. at 479 (involving a bankruptcy court's power to deny a trustee compensation under chapter X of the Chandler Act); *Futuronics*, 655 F.2d at 468 (affirming the district court's denial of compensation to two law firms that had entered into an illicit fee-splitting arrangement in violation of the Bankruptcy Rules and actively concealed the arrangement from the court).

[5] *See Arce*, 997 S.W.2d at 241–42 ("Denying the lawyer all compensation would sometimes be an excessive sanction, giving a windfall to a client.  The remedy of [fee forfeiture] should hence be applied with discretion."); *Crites*, 322 U.S. at 418 ("[W]hether [receivers] should be allowed any fees at all, and if so the amount thereof, are normally matters within the sound discretion of the District Court and are not reviewable except where a clear abuse of discretion is apparent.").

8

district court apparently rejected Vogel's testimony; we find no good reason to disturb this finding. The district court did not abuse its discretion in ordering a 20%——and only a 20%——disgorgement of Vogel's fees or in failing to order disgorgement of any of Gumbel's fees. We therefore affirm this aspect of the district court's judgment.

## Renewal Premium

In February 2003, months after Vogel's term as receiver had ended, CMS paid the renewal fee on Vogel's bond. CMS filed a motion for recovery on Vogel's original bond in May 2003, but did not request reimbursement for the renewal premium at that time. It was not until February 2004 that CMS sought to recover for the renewal premium on Vogel's bond. The district court denied CMS's motion.

On appeal, CMS asserts that Vogel's intentional breaches of fiduciary duty require Vogel to reimburse CMS for the renewal premium on his personal bond. CMS fails to develop this argument any further, however, and fails to show how the district court abused its discretion. Accordingly, we hold that the district court did not abuse its discretion in rejecting CMS's request to require Vogel to pay the renewal premium on his personal bond.

## Hidden Expenses

Finally, CMS argues that despite finding that Vogel breached his fiduciary duty by ordering CMS to pay certain expenses, the

district court awarded no remedy for this breach of trust.  This argument misapprehends the nature of Vogel's breach.  The district court held that "Vogel breached his fiduciary duty *to the Court* by ordering [CMS] to pay certain fees and expenses incurred by him *without reporting them to the Court*."  (Emphasis added).  Thus, it was not the incurring of the fees that constituted the breach, but rather Vogel's failure to report those expenses to the court before causing CMS to pay them.  In fact, the court stated that it "gave [CMS] an opportunity to offer evidence that those expenses were not reasonable, [but] evidence was never presented that persuaded the Court that such expenses and fees were not necessary or were unreasonable."  The district court ordered Vogel to disgorge 20% of his fees in part because Vogel breached his fiduciary duty by failing to report these expenses to the court.  The court's failure to require further disgorgement was not an abuse of discretion.

IV. <u>Conclusion</u>

We reject both CMS's and Vogel's challenges to the district court's judgment with respect to the compensation of the receivership team and thereby affirm the judgment of the district court.

AFFIRMED.